Sandra E. Jackson, Campbell Volk & Lauter, Las Vegas, NV, for Defendants–Appellees.

Before: SILVERMAN, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Paul D.S. Edwards appeals pro se from the district court's order dismissing Edwards' complaint alleging that OSI Collection Services, Inc. ("OSI") engaged in debt collection tactics in violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692o. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.,* 88 F.3d 780, 783 (9th Cir.1996), and we affirm.

Edwards' complaint alleged that OSI violated the FDCPA in August, 2003. On May 12, 2003, OSI filed for Chapter 11 bankruptcy protection, and an order was entered on October 15, 2003 confirming OSI's plan of reorganization and providing that any claims arising after the May 12, 2003 petition date could only be made by filing an application for allowance of claim. Edwards never filed such a claim with the bankruptcy court. The district court therefore did not err by dismissing Edwards' action because it was barred by 11 U.S.C. § 524.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Edwards' remaining contentions lack merit.

**AFFIRMED.**

Arthur Duane JACKSON, Plaintiff—Appellant,

v.

John A. CLARK, Clerk of the Superior Court;  et al., Defendants—Appellees.

No. 04–55032.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 2006.*

Filed May 9, 2006.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

644

Arthur Duane Jackson, Imperial, CA, pro se.

Before: D.W. NELSON, HAWKINS, and PAEZ, Circuit Judges.

MEMORANDUM **

Arthur Duane Jackson ("Jackson"), convicted in state court of carjacking and attempted murder, appeals pro se the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 action. Jackson seeks to compel the defendants to provide him with, or account for, various evidence pertaining to his state conviction. Based on intervening authority not available to the district court when it dismissed, we reverse and remand.

The district court determined that Jackson's action was barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), concluding that providing Jackson with allegedly withheld evidence would "necessarily imply the invalidity" of his state court conviction. *Heck*, 512 U.S. at 487, 114 S.Ct. 2364. An intervening decision, however, held that *Heck* does not preclude a § 1983 action seeking to compel the state to release certain evidence because success would only yield access to evidence, which, in and of

itself, "would not 'necessarily demonstrate the invalidity of confinement....'" *Osborne v. District Attorney's Office for the Third Judicial District*, 423 F.3d 1050, 1054 (9th Cir.2005) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 1248, 161 L.Ed.2d 253 (2005)). Because Jackson, much like the prisoner in *Osborne*, only seeks the release, or accounting, of potentially exculpatory evidence, success on the merits would not necessarily imply the invalidity of his conviction.

Accordingly, we reverse the district court and remand for further proceedings. We express no opinion as to whether Jackson has been deprived of a federally protected right or whether his claim is barred on other grounds, leaving those questions for the district court to address in the first instance.

**REVERSED and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.